GRAND ISLE, *January*, 1843.

Harrington *v.* Bogue.

---

## GILES HARRINGTON *v.* DECIUS R. BOGUE.

A sheriff is liable for taking insufficient bail on mesne process, and can only justify by showing that the bail was *amply sufficient* when taken. An apparent sufficiency will not justify him.

*Quere*—Whether an officer is liable for omitting to make a return of *nulla bona*.

THIS was an action on the case, in two counts, against the defendant, as sheriff of Franklin county, for the neglect of his deputies, in taking insufficient bail, and making an insufficient return upon the execution against said bail. Plea, general issue, and trial by the court.

GRAND ISLE, On the trial in the county court, it appeared that the plain-
January, tiff, in May, 1841, prayed out a writ of attachment against
1843.
one James W. Grogan of the county of Franklin, demand-
Harrington ing in damages $20, and delivered the same to John Barney,
v.
Bogue. a deputy of the defendant, who, on the 15th of said May,
arrested Grogan thereon, and took one William Cain as bail;
that the plaintiff recovered a judgment in said action, against
Grogan for $17.15 damages and cost, and took out execu-
tion thereon, and put the same into the hands of said Barney,
who made a return of *non est inventus* thereon; that the
plaintiff, thereupon, prayed out a writ of *scire facias* against
Cain, which was served by attaching a cook stove as his
property; that the plaintiff obtained a judgment in said
action and took out an execution thereon, dated the 23d of
September, 1841, and delivered the same to one A. P. Her-
rick, another deputy of the defendant, who, on the 22d of
November, 1841, returned the same into the office of the
justice issuing it, with the following indorsement thereon :—

" State of Vermont, Franklin county, ss., Oct. 6, 1841.

' Turned out to me on this execution, by William Cain,
' one cook stove. On the same day I posted said property
' for sale in fourteen days, and then by request of the defen-
' dant I adjourned said sale, and made three adjournments,
' and on the 20th day of November then next, I exposed said
' property for sale, at public vendue, and sold said stove to
' Thomas Cain, he being the highest bidder, for $4.25, which
' leaves, after paying my fees, taxed at $1.60, the sum of
' $2.65, to indorse on this execution, and I return this exe-
' cution by mail, in part unsatisfied.'

Testimony was introduced by the defendant, tending to
prove that Cain, at the time he became bail, was keeping a
tavern, had a horse, wagon and other attachable property
to the amount of one or two hundred dollars, and was in
good credit in the neighborhood; and that he was sued
after that time for about $100, and paid the debt.

It appeared that, in the fall of 1841, his attachable pro-
perty was all sold on an execution issued on a judgment
against him for rent, and that the original writ in the last
mentioned case had been served by Barney previous to his
taking Cain as bail in the plaintiff's suit. It also appeared
that, at the time he was taken as bail, he owed more than
he was worth.

. The court found that there was no want of ordinary care and prudence in taking Cain as bail; that his apparent circumstances would readily give him a credit for a much larger amount than the plaintiff's claim, but that, in point of fact, he was insolvent at the time. They therefore decided that the sheriff was not liable for taking insufficient bail.

And as to the claim for damages on the ground of the alleged insufficiency of the return upon the execution, the court decided that the return was sufficient, and thereupon rendered judgment for the defendant.

To these decisions the plaintiff excepted.

*Plaintiff, pro se.*

1. Cain was *apparently* good when he was taken as bail, but in reality insolvent. A mere ostensible sufficiency will not excuse; it must be real, ample and substantial responsibility in point of property, and such as would probably continue so, to answer the demand. Statute, 183, sec. 32; *Hazard* v. *Slade*, D. Chip. R. 199; *Sparhawk* v. *Bartlet*, 2 Mass. R. 188; Big. Dig. 545, No. 5.

2. The plaintiff contends that the return of the defendant's deputy, Herrick, upon the execution against Cain, is bad; 1st, Because an officer when he follows the directions of the defendant in the execution, in taking property, is bound to take enough to pay it in full; 2d, The officer had no right to continue the sale of the property held on the execution, without some better excuse than the *request of the debtor;* 3d, The execution was not returned to the justice within sixty days from its date; 4th, The officer's return should set forth some good excuse for not collecting the balance of the execution. Big. Dig. 551–2. Damages are always implied where a want of official duty is shown. And if an officer is justified in neglecting part of his duty, without the plaintiff's proving special damages, he certainly would be shielded in case of a total failure, unless the plaintiff prove special damages. By this rule of law, an officer having an execution against two persons, would be justified in committing one, and making his return without naming the other, unless the plaintiff should prove special damages.

*Stevens & Seymour*, for defendant.

1. The defendant contends that if the bail taken by his deputy, Barney, upon the original writ against Grogan was, when taken, apparently good, there is no negligence for which he is responsible. *Hendle* v. *Blades*, 5 Taunt. 225 ; (C. L. R. 86) 12 Mass. R. 127.

2. The claim, that an officer who levies an execution on the property attached, when by his duty obliged so to do, although the property is not of sufficient value to satisfy the execution, is thereby to be held bound to pay the whole amount of the execution, is absurd.

3. The officer made a sufficient return on the execution ; and every reasonable intendment is to be made in his favor. 12 Vt. R. 195.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The first count in the declaration is for the neglect of the defendant's deputy, in not taking sufficient bail on a writ, in favor of the plaintiff against one James W. Grogan. The defendant defended the action by proving that the bail, William Cain, was, at the time he was taken as bail, apparently in good credit, and safe to be taken as bail, and was in possession of personal property to a greater amount than the demand of the plaintiff, against Grogan. The county court decided that, under these circumstances, the defendant was not liable, although they found that Cain, the bail, was actually insolvent, at the time he was taken as bail. This decision, we think, was erroneous. The statute, in relation to process, page 183, § 32, makes the officer answerable to the plaintiff, for all damages occasioned by the insufficiency of the surety, qualified, however, by this provision, that he may make it appear on trial, that, at the time of taking said surety, the same was amply sufficient. This statute can receive but one construction. The officer, when the bail proves insufficient, and he is sued therefor, can only defend himself, by proving that the surety, when taken, was *amply sufficient*. An apparent sufficiency will not excuse him. The decision in the case of *Hazard* v. *Slade*, D. Chipman, 199, was directly to this effect, under a statute in nearly the same words as the present. A similar decision was made in Windsor county, where one Willard was taken

as bail, who was apparently good when taken ; and we are not aware, there have ever been any decisions to the contrary.

On the second count, the court are not prepared to decide. My opinion is, that an officer is bound to return all writs of execution, unless they are in fact satisfied or executed ; that the creditor has a right to require, that he should state, under his official oath, whether he has made diligent search, and whether he could find property of the debtor ; and the presumption is, and should be, that he could execute and satisfy the writ, unless he returns an excuse therefor. The creditor is not bound to shew property in the possession of the debtor in order to charge the officer to whom he delivers an execution, unless it is to falsify a return of *nulla bona*. The court however are not prepared, at this time, to decide this point. As the county court rendered judgment for the defendant, and their decision as to the first count was erroneous, their judgment must be reversed.